```
T. Montana Bell,              |  In The U.S. District Court for
        Plaintiff,            |  The Middle District of PA.
     v.                       |  No. 3:19-cv-01226
c/o Fontain, et al.,          |  Judge Munley
        Defendants,           |
```

FILED SCRANTON APR 14 2020 PER _____ DEPUTY CLERK

### BRIEF IN SUPPORT OF MR. BELL'S MOTION FOR SUMMARY JUDGMENT

STATEMENT OF THE CASE:

This is an civil action authorized by the state Political Subdivision Tort Claim Act and by 42 U.S.C. §1983, filed by a prisoner @ sci-Phoenix of the PA.D.O.C., to seek damages, concerning a assault and battery, excessive use of force, calculated harassment, neglgent infliction of emotional distress, and negligence claim, in the form of compensatory and punitive relief. In this Motion the plaintiff seeks Summary Judgment on his claims arising from the acts committed by the defendants.

STATEMENT OF THE FACTS:

As set forth in the accompanying Declaration of the plaintiff, Mr. Bell, he was the victim of an assault by prison officials, during an escort from the Psychiatric Observation Cell (P.O.C.) to a housing cell in the Restricted Housing Unit (RHU), while handcuffed behind his back, dressed in a smock and slides; Prison officials pushed, slammed, punched, kicked and pulled Mr. Bell's hair by the roots, and twisted and bended his wrist as if to break them off his arms, maliciously-sadistically to cause serious harm; as a direct result of the assault, Mr. Bell sustained several injuries. He was denied medical treament after being assaulted for 2 to 4 minutes on hand held camera, contrary to PA.D.O.C. Policy DC-ADM 201 and 001; an a attempt to cover up the assault, prison officials fabricated and falsified a misconduct report on Mr. Bell, to make it seem as if he was being the assaultive one; the assault on Mr. Bell was unnecessary. The plaintiff, 3 years later, continue to suffer from the assault/excessive use of force; due to the emotional distress and fear of being alone with prison guards, and the arbitrary disciplinary sanction from the false report, prolonging Mr. Bell's stint in solitary confinement.

NOTE: Statements in a statement of facts should identify the evidence that supports them, e.g., "Mr. Bell decl. @para 1-22", or "EX. A-F";

STANDARD OF REVIEW:

Summary Judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". Fed.R.Civ.P.56(a). Celotex corp v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3rd cir.2007).

ARGUMENT/POINT #1

DEFENDANT'S FONTAIN, MISITI, BOONE, HARIG, SGT. WEIS, AND L.T. GILDEA IS LIABLE FOR 8TH AMENDMENT VIOLATIONS WHEN ASSAULTING MR.BELL, WHILE HANDCUFF-ED BEHIND THE BACK, USING UNNECESSARY/EXCESSIVE USE OF FORCE CAUSING SERIOUS HARM.

"Excessive force" is any physical contact by a guard that's meant to cause harm, rather than keep order. A use of force is excessive and violates the 8th amendment when it is not applied in an effort to maintain or restore discipline but is used to maliciously and sadistically cause harm. Hudson v. McMillian, 503 U.S. 1, 7 (1992); Whitley v. Albers, 475 U.S. 312, 320-321 (1986). Defendants, in the case @ bar, pushed, slammed, punched, kicked and pulled Mr.Bell's hair by the roots, and twisted and bended his wrist as if to break them off his arms, not in a good faith effort, but unnecessarily causing a wanton infliction of pain. In Hudson the court found a 8th amendment violation when prison guards punched and kicked a prisoner, leaving him with minor bruises, swelling of his face and mouth, and loose teeth. Hudson supra.

A. MR.BELL'S RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT WAS VIOLATED WHEN DEFENDANTS USED EXCESSIVE FORCE ON HIM WHILE HE WAS RENDERED HANDCUFFED BEHIND THE BACK.

Mr.Bell incorporates by reference, as if fully set forth herein, the argument supra and "Mr.Bell's complaint.@ para 15-31", "Mr. Bell's decl.@ para 1-22", or "EX·B-C".

POINT #2

THE PATTERN OF VIOLATIVE CONDUCT OF THE LIE, ASSAULT AND BATTERY/EXCESSIVE FORCE AND THE FALSIFIED MISCON-DUCT ON MR.BELL, CONSTITUTES A 8TH AMENDMENT VIOLATION.

Phillips v. Girdich, 408 f.3d 124, 130 (2nd cir.2005); O'Grady v. Village of Libertyville, 304 f.3d 719, 723 (7th cir.2002) Suffice that "a plaintiff is not required to set forth a legal thory to

match the facts, so long as some legal thory can be sustained on the facts pleaded in the complaint." With that being said Mr.Bell asserts that his calculated harassment claim is being pursued under the totality of the circumstance/conditions thory- which while certain conditions may not be unconstitutional on their own, they add up to "create an overall effect that is unconstitutional". See Palmer v. Johnson, 193 f.3d 346 (5th cir.1999). Mr.Bell's complaint details a pattern of violative conduct by the defendants, meant to harass him (campaign harassment), while manipulating PA.D.O.C. procedures on the "USE OF FORCE" (dc-adm 201) and "INMATE DISCIPLINE" (dc-adm 801) in furtherance of their malicious and sadistic intent. "Mr.Bell's complaint.@ para 15-43", "Mr.Bell's decl.@ para 1-22", or "EX·A-E".

### POINT #3

**THE VIOLATIVE CONDUCT OF ASSAULT AND BATTERY/EXCESSIVE USE OF FORCE BY THE DEFENDANTS WAS A NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS SUFFERED BY MR.BELL.**

Defendant's Fontain, Misiti, Boone, Harig, Sgt. Weis and L.T. Gildea acted negligent by violating the duty of care to Mr.Bell by allowing him to be maliciously and sadistically attacked for the sheer purpose of punishment and to inflict pain, not to restore order. As a result Mr.Bell suffered both physical and mental injuries; whereas Bell had to be placed on psychotropic medications to help with the humiliation felt, on-going panic attacks, and extreme states of unspecified depressions from this matter. "Mr.Bell's complaint.@ para 15-43", "Mr.Bell's decl.@ para 1-20" or "EX·B-C".

### POINT #4

**ALL DEFENDANTS ARE LIABLE FOR NEGLIGENCE, WHERE THEY FAIL TO PROTECT MR.BELL AND FAIL TO ABIDE THE D.O.C. CODE OF ETHICS, THATS SET TO ENSURE SAID PROTECTION.**

Black's Law Dictionary @ pg. 470 (2nd pocket edition 2001) describes "Negligence" as the failure to exercise the standard of care that a reasonably prudent person would have exercised in a similar situation; In a tort action it is required that the four elements of "Negligence": duty, breach of duty, causation, and damages is established. Samuels v. Walsh, 2014 PA.Commw.unpub.Lexis 678. In the case @ bar, the defendants are guilty of negligence

because/due to their lack of care and concern for the safety and welfare/wellbeing of Mr.Bell and their failure to abide by/exercise the PA.D.O.C. policies, procedure, rules, regulations and customs; by their oversight and incompetence when breaching their duty to uphold the D.O.C. code of ethics and state law, but instead chose to assault and inflict pain on Mr.Bell; constituting a serious case of "Negligence". "Mr.Bell's complaint.@ para 15-43", "Mr.Bell's decl.@ para 1-22", or "EX·B-F".

## CONCLUSION:

For the foregoing reasons, this HONORABLE COURT should GRANT Summary Judgment on liability to the Plaintiff, T.Montana Bell, on his assault and battery/excessive use of force, calculated harassment, negligent infliction of emotional distress and negligence claims. The amount of damages due to the plaintiff must be determined @ trial. <u>Patterson v. Coughlin</u>, 905 f.2d 564 570 (2nd cir.1990).

RESPECTFULLY SUBMITTED BY,

Date 3/25/2020          /s/ _____

T.Montana Bell #LD5447, Prose
@SCI-PHOENIX, P.O.BOX 244
COLLEGEVILLE, PA 19426

4.

| | |
|---|---|
| T. Montana Bell,<br>            Plaintiff,<br>     v.<br>c/o Fontain, et al.,<br>            Defendants, | In th U.S. District Court For<br>The Middle District of PA.<br>No. 3:19-cv-01226<br>Judge Munley |

Certificate of Service

I, Montana Bell, pro se plaintiff, in this matter, hereby certify that on March 25, 2020, I caused to be served a true and correct copy of the foregoing document, titled 'Mr. Bell's Motion for Summary Judgment' the following:

First Class Mail

1.) Office of the clerk
    Middle District of Pa.
    235 n. Washington Ave.
    P.O.Box 1148
    Scranton, Pa 18501-1148

2.) Alexander T. Korn, e sq
    office of Attorney General
    15th Floor, Strawberry Square
    Harrisburg, pa 17120

/s/ _____
T. Montana Bell #LD5447
@sci-Phoenix
1200 Mokychic Drive
Collegeville, Pa 19426

T. MONTANA BELL #LD5447
@ SCI-PHOENIX, P.O. BOX 244
COLLEGEVILLE, PA 19426

RECEIVED
SCRANTON
APR 14 2020
PER _____ DEPUTY CLERK

OFFICE OF THE CL
M.D. DIST. OF PA
235 N. WASHINGTON A
P.O. BOX 1148
SCRANTON, PA 18501